## GLOVER *v.* THE STATE.

There was sufficient evidence to convict the defendant of the offense of vagrancy, and no reason appears for the reversal of the judgment of the lower court refusing a new trial.

Submitted October 17,—Decided November 7, 1906.

Accusation of vagrancy. Before Judge Smith. City court of Valdosta. July 27, 1906.

*S. M. Varnedoe,* for plaintiff in error.

*James M. Johnson, solicitor,* contra.

ATKINSON, J. The defendant was convicted of vagrancy, on substantially the following evidence: With the exception of one month (while absent in Florida) she had resided in Valdosta for one year. A policeman, the sheriff, and one merchant (witnesses), each, had frequently seen her at various hours of the day and night loitering about the streets with lewd women, and none had ever seen her do any work. She was frequently seen around barrooms and in "Rat row." She had no property or visible means of support that they knew of. Each testified that she might have worked and might have had property without their knowledge. She admitted to the sheriff while on the way to jail that she had no money, but

stated that she had been at work. Another witness testified that she had known defendant for a year in Valdosta, and had seen her loitering on the streets for may be a hundred and may be a thousand different times, and had never seen her at work but one time; that defendant had no husband nor any visible means of .support that she knew of. This witness also testified as to seeing the defendant walking the streets with lewd women. She also testified that the defendant may have worked and may have had means of support without her knowing it.

When so many see the defendant so often at different times, never working but always loitering, mostly in questionable neighborhoods, and frequently keeping lewd company by day and by night, and where the officers of the law are unable to locate any property or visible means of support belonging to the defendant, and where she admitted that she had no money, but claimed to work for a living, it is reasonably certain that she belongs to that class which the law describes as vagrants, and we are not prepared to hold that the judge, in passing upon the evidence, erred by finding her guilty. The evidence supported the verdict, and no sufficient reason appears for reversing the judgment of the court below. See, in this connection, *Welborn* v. *State,* 119 *Ga.* 429.

*Judgment affirmed. All the Justices concur.*